**In the Matter of ATLAS SEWING CENTERS, INC., Bankrupt.**

**No. 168–62–BK.**

United States District Court,
S. D. Florida.

Jan. 21, 1972.

Irving M. Wolff, Miami, Fla., for Banco Popular.

Joseph G. Weiss, Miami, Fla., for the Trustee in Bankruptcy.

John H. Gunn, of Gunn & Venney, Miami, Fla., for Bank Group.

FULTON, Chief Judge.

This cause came before the Court upon the Trustee in Bankruptcy's motion to dismiss or strike and the Bank Group's motion to dismiss a petition for review of an order of the Referee in Bankruptcy dated and filed December 29, 1971. It is urged that the petition for review filed on Monday, January 10, 1972, was filed too late, having been filed more than 10 days after entry of the December 29th order and was, thus, filed contrary to § 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c). In this instance, the ten-day period, prescribed by § 39(c) of the Bankruptcy Act, began running on December 30th, the day after the order in question was entered, and the ten days expired on Saturday, January 8, 1972.

Section 31 of the Bankruptcy Act, 11 U.S.C. § 54, provides:

Whenever time is enumerated by days in this Act, or in any proceeding thereunder the number of days shall be computed by excluding the first and including the last, unless the last day fall on a Sunday or a holiday, in which event the day last included shall be the next day thereafter which is not a Sunday or a holiday.

■■ Saturdays are not included in this statute as one of those days which would toll the running of the time period; although, Saturdays are included in Rule 6, Fed.R.Civ.P., and Rule 24, Fed. R.App.P. Where there is a conflict between the Federal Rules and the Bankruptcy Act, the Bankruptcy Act is controlling. United States v. Randall, 419 F.2d 1068 (7th Cir.1970), aff'd 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971); 1 Collier on Bankruptcy § 390.40 (1970). Thus, although Rule 6, Fed.R.Civ.P., includes Saturdays in tolling time periods, § 31 of the Bankruptcy Act does not, and § 31 controls. Furthermore, Saturdays cannot be construed as "holidays" under the Bankruptcy Act. 11 U.S.C. § 1(18).

■ Nevertheless, both the Clerk's Office of this Court and the Bankruptcy Court are closed on Saturdays and have been for many years. There is no way a petitioner can gain access to the office of the Clerk or the Bankruptcy Court for purposes of filing a petition for review and paying the filing fee on a Saturday. Although the ten-day requirement of § 39(c), 11 U.S.C. § 67(c), is an "inelastic" requirement, St. Regis Paper Co. v. Jackson, 369 F.2d 136 (5th Cir. °1966), as the Court said in In re Mutual Leasing Corp., 424 F.2d 999, 1000 (5th Cir.1970).

[§ 39(c)] does not however preclude the tolling of the time limitation if the party is fairly and in fact prevented from complying by circumstances completely beyond his control.

Such is the case here; the petitioner was *prevented* from filing the petition on Saturday, January 8, 1972, because the office in which he was to file the petition was closed and inaccessible. Whether the Court was closed because of fire or because of a rule of the Court is inconsequential in determining the statutory time for filing. Furthermore, as in the *Mutual Leasing* case, the petitioner did file his petition as soon as it was reasonably possible thereafter.

It is also argued that the petitioner cannot now excuse his alleged late filing because he waited until the last day to file. But this argument, too, has been put to rest by the *Mutual Leasing* case. The Court said in *Mutual Leasing* that the petitioner is entitled to use the full time period to prepare and file the petition and to treat this petitioner differently from other petitioners by shortening his time to 9 days would unjustly discriminate against him.

Finally, it appears that no substantial hardship was created by filing the petition for review on January 10, 1972, the first day on which the Court was open after the ten days ran. Thereupon, it is

Ordered and adjudged that the Bank Group's motion to dismiss or strike and the Trustee's motion to dismiss be and the same are hereby denied.