ARTHUR GOLDSTEIN, executor, vs. EDWARD M. BARRON
& another.

Worcester. March 18, 1980. — May 2, 1980.

Present: HALE, C.J., PERRETTA, & NOLAN, JJ.

*Medical Malpractice,* Bond, Tribunal. *Practice, Civil,* Computation of
time.

A plaintiff in a medical malpractice action, who was required by G. L.
c. 231, § 60B, to post a bond within thirty days of the tribunal's find-
ing, was permitted under Mass.R.Civ.P. 61(d) an additional three
days in which to post his bond. [649-650] HALE, C.J., dissenting.
In a medical malpractice action against a doctor and the professional cor-
poration of which the doctor was the only officer and sole stockholder,
there was no merit to the defendants' contention that, because there
were two defendants, the plaintiff was required by G. L. c. 231,
§ 60B, to post a $4,000 bond. [650]

CIVIL ACTION commenced in the Superior Court on
June 21, 1978.

Motions to dismiss were heard by *Beaudreau, J.*

Motions filed in the Appeals Court were heard by *Grant, J.*

*Caroline W. Spangenberg* for the defendants.

*Arthur Goldstein, pro se (Kevin J. Shea* with him).

NOLAN, J. This is the latest in an increasingly long line of
cases in a short period of time seeking explication of the lan-
guage of G. L. c. 231, § 60B, inserted by St. 1975, c. 362, § 5,
the statute concerned with medical malpractice tribunals.[1]

---

[1] See: (1) *Austin* v. *Boston Univ. Hosp.,* 372 Mass. 654 (1977) (a medical
malpractice action brought in a court other than the Superior Court must
be referred to a tribunal for action in accordance with § 60B; the Legisla-
ture intended § 60B to apply only to a medical malpractice action filed on
or after January 1, 1976); (2) *Paro* v. *Longwood Hosp.,* 373 Mass. 645
(1977) (the requirement of § 60B that, as a condition for further prosecu-
tion a bond be imposed on plaintiff whose medical malpractice claim is

Goldstein *v.* Barron.

The statute is set forth in relevant part in the margin.[2]

The plaintiff has appealed from the orders of a single justice of this court denying his motion to file the required

found to have no legal merit does not deny plaintiff equal protection or due process, nor does it constitute a legislative obstruction to a judicial hearing); (3) *Little* v. *Rosenthal*, 376 Mass. 573 (1978) (the procedural instructions of c. 93A, § 9, do not exempt consumer claims from the malpractice screening procedure, if they relate to medical treatment; the tribunal's standard is comparable to the test for a directed verdict); (4) *Salem Orthopedic Surgeons, Inc.* v. *Quinn*, 377 Mass. 514 (1979) (patient defendant's contractual counterclaim for medical malpractice against physician plaintiff's suit to recover unpaid bills is subject to c. 231, § 60B, and shall be screened by a malpractice tribunal); (5) *McMahon* v. *Glixman*, 379 Mass. 60 (1979) (upon an adverse finding by the tribunal, plaintiff may elect to have alleged legal errors reviewed on appeal without first filing a bond and going to trial, knowing that he thereby runs risk of being out of court entirely if his claim is decided adversely to him, or he may file bond, go to trial, and, if he loses, have the alleged error by the tribunal reviewed along with any other errors arising from trial); (6) *Kapp* v. *Ballantine*, 380 Mass. 186 (1980) (plaintiff's offer of proof as to negligence will prevail before the tribunal, under the *Little* directed verdict test, (a) if physician-patient relationship is shown, (b) there is evidence that physician's performance did not conform to good medical practice, and (c) damage resulted therefrom); (7) *Gugino* v. *Harvard Community Health Plan*, 380 Mass. 464 (1980) (plaintiff's offer of proof sufficient, and imposition of bond in amount of $4,500 an abuse of discretion under circumstances disclosed in plaintiff's affidavit); (8) *Aker* v. *Pearson*, 7 Mass. App. Ct. 552 (1979) (complaints filed against two additional physicians after effective date for c. 231, § 60B, of January 1, 1976, shall not relate back to the filing of the underlying complaint filed before the effective date and hence a tribunal shall be convened); (9) *Hanley* v. *Polanzak*, 8 Mass. App. Ct. 270 (1979) (the thirty-day period within which plaintiff must file a bond under § 60B commences when the tribunal's decision is docketed and notice is sent to plaintiff); (10) *Flagg* v. *Scott, post* 811 (1980) (evidence before tribunal was sufficient).

[2] "Every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth under the provisions of section two of chapter one hundred and twelve and an attorney authorized to practice law in the commonwealth, at which hearing the plaintiff shall present an offer of proof and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result. . . .

"Each such action for malpractice shall be heard by said tribunal within fifteen days after the defendant's answer has been filed. Substantial

bond under § 60B late, allowing the defendants' motion to appeal to the full court of the Appeals Court from orders of the Superior Court denying the defendants' motions to dismiss, and staying all proceedings until further order of this court. The defendants appeal from the Superior Court's denial of their motions to dismiss.

The precise issue in this case causes us to focus on that language of § 60B which requires the posting of a bond "within thirty days of the tribunal's finding" if the tribunal has adjudged the plaintiff's case an "unfortunate medical result" lacking "a legitimate question of liability appropriate for judicial inquiry."

A description of the procedural odyssey of this case is tedious but essential to a resolution of the issue.

---

evidence shall mean such evidence as a reasonable person might accept as adequate to support a conclusion. Admissible evidence shall include, but not be limited to, hospital and medical records, nurses' notes, x-rays and other records kept in the usual course of the practice of the health care provider without the necessity for other identification or authentication, statements of fact or opinion on a subject contained in a published treatise, periodical, book or pamphlet or statements by experts without the necessity of such experts appearing at said hearing. The tribunal may upon the application of either party or upon its own decision summon or subpoena any such records or individuals to substantiate or clarify any evidence which has been presented before it and may appoint an impartial and qualified physician or surgeon or other related professional person or expert to conduct any necessary professional or expert examination of the claimant or relevant evidentiary matter and to report or to testify as a witness thereto. Such a witness shall be allowed traveling expenses and a reasonable fee to be fixed by the tribunal which shall be assessed as costs. The testimony of said witness and the decision of the tribunal shall be admissible as evidence at a trial.

"If a finding is made for the defendant the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of two thousand dollars secured by cash or its equivalent with the clerk of the court in which the case is pending, payable to the defendant for costs assessed, including witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment. Said single justice may, within his discretion, increase the amount of the bond required to be filed. If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed. Upon motion filed by the plaintiff, and a determination by the court that the plaintiff is indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof."

The plaintiff filed a complaint in the Superior Court against the defendants on June 21, 1978, alleging a want of professional skill in the treatment of Alan D. Goldstein, the plaintiff's testator, by failing seasonably to diagnose a thoracic lesion as malignant.[3] Following the filing of the defendant's answer, a medical tribunal was convened on February 13, 1979, pursuant to the mandate of § 60B. The tribunal's report, which is dated February 20, 1979, and which bears the legend "Copies mailed 2-20-79," determined that an unfortunate medical result had occurred and required the plaintiff to file a bond in the sum of $2,000 within thirty days of the tribunal's finding.

The plaintiff moved for the convocation of a new tribunal on March 6, 1979, though the motion bears the date March 2, 1979. A motion to stay the posting of the bond pending action on the motion for a new tribunal hearing was also filed on March 6, 1979. This motion is dated February 27, 1979. Both motions were denied on March 15, 1979.

The plaintiff next sought relief under Mass. R.A.P. 6, as amended, 371 Mass. 914 (1976), by way of a petition filed on March 21, 1979, in the Supreme Judicial Court. The petition was transferred to this court. G. L. c. 211, § 4A. A single justice heard the matter and denied that part of the petition requesting a stay of the bond posting requirement on the same day. The remainder of the petition, which should for accuracy's sake be denominated a motion, sought a declaration of rights as to the procedural boundaries of a medical malpractice tribunal. This segment was denied by the single justice on March 28, 1979.

Two things occurred on March 23, 1979, in the Superior Court: the plaintiff posted security in the amount of $2,000

---

[3] We shall refer in the singular to both defendants Edward M. Barron and the professional corporation of which he is the only officer and sole stockholder.

These are consolidated and cross appeals, but by agreement, the defendant is the appellant for purposes of Mass.R.A.P. 16, as amended through 367 Mass. 921 (1975), 18, as amended through 370 Mass. 919 (1976), and 19, 365 Mass. 868 (1974).

in satisfaction of the bond requirement, and the defendant filed a motion to dismiss founded on the plaintiff's failure to post a bond within thirty days of the tribunal's finding. This motion to dismiss was denied on April 3, 1979, but there followed on April 25, 1979, a second motion to dismiss predicated on the theory that the plaintiff filed security of only $2,000 whereas such security should have been $4,000 because there were two defendants. On the same day, the defendant filed a motion for reconsideration and a motion for a report under G. L. c. 231, § 111. All three motions were denied on May 3, 1979. Notice of appeal to this court from the denial of these motions was filed on May 31, 1979.

This is not the end of the foray into the appellate woods. The defendant then sought to invoke the aid of the first paragraph of G. L. c. 231, § 118, seeking leave from the Appeals Court to file an interlocutory appeal from the denial of his motion to dismiss (though it is not clear to which motion to dismiss he refers). He also sought a stay of "all further proceedings in the case below pending appeal." This was filed on May 14, 1979.

The plaintiff countered with a motion for late filing of the bond, "nun *(sic)* pro tunc to March 23, 1979." A single justice of this court denied this motion on May 22, 1979, but granted the defendant leave to file a claim of appeal to the full court of the Appeals Court from the Superior Court's order denying his motion to dismiss. The plaintiff responded with a motion for reconsideration of the order of the single justice permitting the defendant to file an appeal to the full court and with an objection to the same order. These motions were denied and the plaintiff appealed.

From the foregoing procedural underbrush, two viable issues emerge: (1) the timeliness of the bond's posting; (2) the number or amount of the bond(s) required to be posted.

1. *Timeliness of the bond posting.* The plaintiff filed a bank passbook in the office of the clerk of court which represented a deposit of $2,000. The defendant does not argue that this bank book is not the equivalent of a bond for purpose of § 60B and reference to it as a bond will be made for convenience.

The bond was filed on March 23, 1979. The tribunal's finding was made and mailed on February 20, 1979. In the computation of time, the day of the event is disregarded but the last day of the required period is included unless it is a Saturday, Sunday or legal holiday. Mass.R.Civ.P. 6(a). Section 60B provides that the bond shall be posted within 30 days of the tribunal's finding. The 30th day after February 20, 1979, was March 22, a Thursday.

The plaintiff correctly relies on two rules in arguing for a computation of time which will render his bond posting seasonable on the thirty-first day after the tribunal's finding. Mass.R.Civ.P. 6(d), 365 Mass. 748 (1974), provides that "(w)henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other papers upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." If three days are added to the thirty days mentioned in § 60B, the filing of the plaintiff's bond was seasonable.

There is merit to this argument when rule 6(d) is read in conjunction with Mass.R.Civ.P. 77(d), 365 Mass. 838 (1974), set forth in full in the margin,[4] which requires the clerk to serve notice of an order of the court on the parties by mail. Clearly, an order of the tribunal is an order within rule 77(d). *Hanley* v. *Polanzak*, 8 Mass. App. Ct. 270, 274 (1979). *Hanley*, though easily distinguishable on its facts because there the parties never received notice of the tribunal's order from the clerk, lends an invigorating measure of

---

[4] "Unless an order or judgment is entered in open court in the presence of the parties or their counsel, the clerk shall immediately upon the entry of an order or judgment serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4 of the Massachusetts Rules of Appellate Procedure."

cogency to the plaintiff's position when it says that "the thirty-day period in G. L. c. 231, § 60B, begins to run when the tribunal's decision has been docketed and notice of it has been sent to the plaintiff." *Id.* at 275. It follows, then, that the docketing and mailing of the notice on February 20, 1979, came within the sweep of rule 77(d) which, in turn, triggered the application of rule 6(d) which confers the additional three days. Nothing to the contrary appears in *McMahon* v. *Glixman*, 379 Mass. 60, 63-64 (1979), in which the court refers only to the risk of not filing the bond at all. The defendant's reliance on *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654 (1977), is misplaced. *Austin* does not reach the issue of timeliness in posting a bond.

2. *The number of bonds.* The defendant's argument that his motion to dismiss should have been allowed because the plaintiff posted only $2,000 and not $4,000, there being two defendants, is without merit. The judge was evidently satisfied with the amount of security posted by the plaintiff because he denied the defendant's motion to dismiss which raised this issue. We do not suggest that one bond would ordinarily be sufficient for two defendants. See *Kapp* v. *Ballantine* 380 Mass. 186, 196 (1980), but the two defendants in the instant case are almost indistinguishable.

To conclude, there was no error in the denial of the defendants' motion to dismiss. The plaintiff's posting of $2,000 on March 23, 1979, constituted compliance with § 60B as to timeliness and amount. The action of the judge of the Superior Court in denying the motion to dismiss is affirmed. As we have concluded that the filing of the bond was timely, we do not consider the plaintiff's appeal from the denial of his motion to file the bond late.

*So ordered.*

HALE, C.J. (dissenting). I do not agree with part 1 of the opinion. The report of the tribunal was docketed and copies of it sent to the parties on February 20, 1979. The thirty-day period within which to file a bond started to run at that time. *Hanley* v. *Polanzak*, 8 Mass. App. Ct. 270, 273 (1979). "Section 60B is clear that, if the bond is not posted within thirty days of the tribunal's finding the action shall be dismissed." *Austin* v. *Boston University Hosp.*, 372 Mass. 654, 661 (1977). I would reverse the orders denying the motions to dismiss and order the entry of judgments for the defendants.