ARTHUR GOLDSTEIN, executor, *vs.* BEATRICE S. BARRON
& another, executors, & another[1]
(and two consolidated appeals[2]).

Worcester. November 5, 1980. — December 31, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Medical Malpractice,* Bond, Tribunal. *Practice, Civil,* Computation of
time, Enlargement of time. *Notice. Words,* "Excusable neglect."

The provision in G. L. c. 231, § 60B, that a plaintiff in a medical mal-
practice action post a bond within thirty days of an adverse finding by
a medical malpractice tribunal requires that the bond be posted within
thirty days of the date that the finding is entered by the clerk, and the
additional three-day period permitted by Mass.R.Civ.P. 6(d) is not ap-
plicable to extend the required period. [182-187]

This court exercised its discretion under Mass.R.Civ.P. 6(b) to permit a
medical malpractice action to continue even though the plaintiff's
bond was not filed within thirty days as required by G. L. c. 231,
§ 60B, where certain questions of procedure with respect to furnishing
bond under § 60B were without definite precedent and where the one
day's delay in furnishing bond could not have prejudiced the defend-
ants in any material way. [187-188]

CIVIL ACTION commenced in the Superior Court on
June 21, 1978.

Motions to dismiss were heard by *Beaudreau,* J.

Motions filed in the Appeals Court were heard by *Grant,*
J.

After review by a panel of the Appeals Court, the Su-
preme Judicial Court granted leave to obtain further ap-
pellate review.

[1] Dr. Edward M. Barron, Inc. (a professional corporation).

[2] The constituent appeals at bar are indicated in notes 3, 11, and 14
below.

*Francis D. Dibble, Jr.* (*Robert A. Gelinas* with him) for the defendants.

*Arthur Goldstein,* pro se (*Kevin J. Shea* with him).

KAPLAN, J. This case, which is before us on further appellate review of a two to one decision of the Appeals Court, 9 Mass. App. Ct. 644 (1980), involves narrow points of procedure about the time for the plaintiff's filing a bond after a negative finding of a medical malpractice tribunal.

1. *Time for filing bond under G. L. c. 231, § 60B, and effect of Mass. R. Civ. P. 6 (d).*[3] The plaintiff executor sued in Superior Court a physician (now represented by his executors) and the physician's professional corporation, defendants, for negligence in treating the plaintiff's decedent. A medical tribunal, convened in accordance with G. L. c. 231, § 60B, made its finding on February 20, 1979. The clerk entered the finding and mailed copies to the parties on the same day, February 20. The finding being negative, the plaintiff moved on various stated grounds for the appointment of a new medical tribunal. He also moved for a stay of the posting of bond until the new tribunal should bring in a fresh finding. These motions were denied by a judge of the Superior Court on March 14. After unsuccessful efforts in the Appeals Court to stay the posting of bond pending appeal of the refusal to convene a new tribunal,[4] the plaintiff on March 23 delivered a bank passbook which is taken to be the equivalent of a bond for $2,000. On March 26, the defendants moved in Superior Court to dismiss the action on the ground that § 60B allows only thirty days after a finding for the posting of bond; here the bond

---

[3] This subject matter is comprehended in an appeal by the defendants from an interlocutory order of the Superior Court denying their motion to dismiss the action for the alleged failure of the plaintiff to furnish a bond in time. (Leave to appeal was allowed by a single justice of the Appeals Court under G. L. c. 231, § 118.) The Appeals Court upheld this order.

[4] The plaintiff's application was filed in the Supreme Judicial Court for Suffolk County and was transferred by a single justice to the Appeals Court.

had not been posted until the thirty-first day; therefore the action must fail. The correct construction of the statute is the question to be first decided.

The pertinent provision of § 60B, inserted by St. 1975, c. 362, § 5, effective January 1, 1976, reads thus: "If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed."[5] We think "finding" can and should be read to incorporate entry of the finding by the clerk (see Mass. R. Civ. P. 79 [a], 365 Mass. 839 [1974]). The starting point of the thirty days is the entry rather than the making of the finding, if there is a difference. This reading is suggested by *Clements* v. *Florida E. Coast Ry.*, 473 F.2d 668, 670 (5th Cir. 1973), which in a somewhat similar context speaks of entry as establishing a "fixed and unarguable date."

The Appeals Court went much further in attempting to gloss the word "finding." It looked to rule 77 (d), 365 Mass. 837 (1974), according to which the clerk, on making entry of an order or judgment, is immediately to serve notice thereof by mail upon the parties.[6] The court then took

---

[5] Following is the text of the paragraph of § 60B in which the quoted sentence is found: "If a finding is made for the defendant the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of two thousand dollars secured by cash or its equivalent with the clerk of the court in which the case is pending, payable to the defendant for costs assessed, including witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment. Said single justice may, within his discretion, increase the amount of the bond required to be filed. If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed. Upon motion filed by the plaintiff, and a determination by the court that the plaintiff is indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof."

[6] Rule 77 (d) reads as follows: "Notice of Orders or Judgments. Unless an order or judgment is entered in open court in the presence of the parties or their counsel, the clerk shall immediately upon the entry of an order or judgment serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry

another step to rule 6 (d), 365 Mass. 747 (1974), which provides, "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other papers upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period." Reading 77 (d) and 6 (d) in conjunction with the sentence above quoted from § 60B, the court concluded that the thirty days ran from a point three days after the mailing by the clerk (which in this case coincided with the entry). So the defendants' furnishing bond on March 23 was held timely. 9 Mass. App. Ct. at 649-650.[7]

The Appeals Court's construction is not implausible, but, besides stretching considerably the language both of § 60B and rule 6 (d), it goes counter to rather firm Federal interpretations which we tend to follow in administering our parallel rules. We find a considerable array of decisions in varying contexts indicating that Federal Rule 6 (e) — the equivalent of our rule 6 (d) — is not routinely invoked through rule 77 (d); that is to say, we expect application of rule 6 (e) to be reserved, as its text indicates, to cases where a rule or statute providing some measuring period itself

---

in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4 of the Massachusetts Rules of Appellate Procedure."

Although this rule refers to orders and judgments it can easily take in such a declaration as a finding of a medical malpractice tribunal. Cf. *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 656-657 (1977).

[7] The court rested in part on its prior decision in *Hanley* v. *Polanzak*, 8 Mass. App. Ct. 270, 275 (1979), which stated that the time for furnishing bond started "when the tribunal's decision has been docketed and notice of [the decision is] sent to the plaintiff." (That was a case where "[n]one of the parties was notified by the clerk that a decision had been filed," and the plaintiff's filing of bond after eventual actual notice was held timely. *Id.* at 272.) The writer of the *Hanley* opinion dissented in the present case from his colleagues' interpolation of the three days. 9 Mass. App. Ct. at 651.

refers to service of a paper as the starting point. See *Carr* v. *Veterans Administration,* 522 F.2d 1355, 1357 (5th Cir. 1975); *Clements* v. *Florida E. Coast Ry., supra* at 670; *Flint* v. *Howard,* 464 F.2d 1084, 1087 (1st Cir. 1972); *Sonnenblick-Goldman Corp.* v. *Nowalk,* 420 F.2d 858, 860 (3d Cir. 1970); *Goff* v. *Pfau,* 418 F.2d 649, 654 (8th Cir. 1969); *Tavernaris* v. *Beaver Area School Dist.,* 454 F. Supp. 355 (W.D. Pa. 1978); *United States ex rel. TVA* v. *72.0 Acres of Land, More or Less,* 425 F. Supp. 929 (E.D. Tenn. 1976); *Army & Air Force Exch. Serv.* v. *Hanson, Deputy Comm'r of Labor,* 250 F. Supp. 857, 858-859 (D. Haw. 1966). Cf. *In re Levens,* 563 F.2d 1223 (5th Cir. 1977). It follows that the plaintiff's furnishing of a bond equivalent on March 23 was untimely by reference to § 60B and was not saved by our rule 6 (d).

2. *Application of the principle of Mass. R. Civ. P. 6 (b) (2).* The running of the thirty-day period from the entry of the finding will cause no trouble in the mass of cases if only for the reason that the clerks will act as required under rule 77 (d).[8] Difficulties may arise on occasion, whether through failure or substantial delay of notice to the plaintiff without fault on his part,[9] or through other casualty. A corrective is available in appropriate situations. It is found in the principle of rule 6 (b), 365 Mass. 747 (1974), which permits "enlargement" of time under stated conditions. The second clause reads: "the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."[10] The plaintiff tried to resort to this

---

[8] If the system is less than perfect, it may be improved by legislation amending § 60B.

[9] The *Hanley* situation (n.7 above) might have been of this type.

[10] Rule 6 (b) is as follows: "Enlargement. When by these rules or by a notice given thereunder or by order or rule of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration

rule.[11] Although the rule is not applicable by its terms, it should be applied by analogy, as its Federal counterpart has been.[12] The misapprehension of plaintiff's counsel resulting in a delayed filing is here claimed to be "excusable." A flat mistake of counsel about the meaning of a statute or rule may not justify relief: relief is not extended "to cover any kind of garden-variety oversight." *Pasquale* v. *Finch*, 418 F.2d 627, 630 (1st Cir. 1969) (construing "excusable neglect" in Fed. R. App. P. 4 [a]). Here, however, the particular questions of procedure with respect to furnishing bond were without definite precedent. The plaintiff was

---

of the period originally prescribed or as extended by a previous order; or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; or (3) permit the act to be done by stipulation of the parties; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them."

[11] The issue arises on appeal to the full bench of the Appeals Court from an order of a single justice of that court denying the plaintiff's application on May 21, 1979, for an order nunc pro tunc under rule 6 (b) (2). This appeal was not considered by the full bench as it held that the bond was timely filed.

[12] Rule 6 (b) does not speak in terms of a period of time specified by statute, but its policy carries over readily to a period so specified for taking an interstitial step in the course of an action. No legislative purpose is offended by proceeding by analogy to allow relief in circumstances such as the present. As to the application of rule 6 (b) by analogy, see *Schiavone-Bonomo Corp.* v. *Buffalo Barge Towing Corp.*, 134 F.2d 1022 (2d Cir.), cert. denied, 320 U.S. 749 (1943); *In re Gulf Oil Corp.*, 172 F. Supp. 911 (S.D.N.Y. 1959). Cf. *Johnson Chem. Co.* v. *Condado Center, Inc.*, 453 F.2d 1044 (1st Cir. 1972). As to rule 6 (a): *J. Aron & Co.* v. *S/S Olga Jacobs*, 527 F.2d 416, 417 (5th Cir. 1976); *Pettit* v. *United States*, 488 F.2d 1026, 1031 (Ct. Cl. 1973); *In re Atlas Sewing Centers, Inc.*, 336 F. Supp. 684 (S.D. Fla.), aff'd 461 F.2d 1002 (5th Cir. 1972). As to rule 6 (e): *Tavernaris* v. *Beaver Area School Dist.*, 454 F. Supp. 355 (W.D. Pa. 1978); *Alford* v. *Continental Cas. Co.*, 376 F. Supp. 237 (E.D. Ky. 1974). See also 2 Moore's Federal Practice par. 6.06[1], at 1500.19, par. 6.06[2], at 1500.21 (2d ed. 1979 & Supp. 1980); 4 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1163, at 612, 615-616 (1969 & Supp. 1980).

insisting on rule 6 (d) as giving him the additional three days. That view in fact was adopted by the Appeals Court. It is rejected by this court on grounds which are not beyond all doubt and perhaps will not persuade every mind. There is no question of irregular behavior on the part of counsel or his seeking tactical advantage through any pretense. In these circumstances we think relief according to the standard of 6 (b) (2) is appropriate (see *Feeder Line Towing Serv., Inc.* v. *Toledo, Peoria & W. R.R.*, 539 F.2d 1107 [7th Cir. 1976]; *Dugan* v. *Missouri Neon & Plastic Advertising Co.*, 472 F.2d 944, 948 [8th Cir. 1973] [under Fed. R. App. P. 4 (a)]; *Ohlinger* v. *United States*, 135 F. Supp. 40 [D. Idaho 1955] [under Fed. R. Civ. P. 6 (b)]), especially as the one day's delay in furnishing bond could not have prejudiced the defendants in any material way. See *Coady* v. *Aguadilla Terminal Inc.*, 456 F.2d 677, 678-679 (1st Cir. 1972) (delayed furnishing of bond for costs).[13]

Holding that the plaintiff's "neglect" was "excusable," we let the malpractice action continue, thus reaching the same result as the Appeals Court in the present case, although by a somewhat different route.

3. *One or two bonds.*[14] We do not disturb the holdings by the judge of the Superior Court and by the Appeals

---

[13] Applications under Mass. R. Civ. P. 6 (b) are preferably made at the trial level, and the same would hold for the present application. The record of argument on the defendants' motion to dismiss for late filing of bond leaves little doubt that the judge of the Superior Court would have been favorably inclined to such an application if he were not ruling that the bond equivalent had been timely furnished. The single justice of the Appeals Court may have denied the application made to him in the same belief. In all events we would not be barred from reversing a denial of relief below if persuaded it was materially wrong. See *Babich* v. *Clower*, 528 F.2d 293 (4th Cir. 1975).

[14] This issue arises on interlocutory appeal, by leave of a single justice of the Appeals Court, from an order of the Superior Court denying a motion of the defendants to dismiss one of the defendants (without specifying which) because only one bond was filed. The Appeals Court upheld the order.

Court that a single bond will suffice although the defendant physician's professional corporation, Dr. Edward M. Barron, Inc., was joined as a party.

The action will stand and any stay of further proceedings therein will be dissolved.

*So ordered.*