Xifaras, J.
The parties are before the court on defendants Bruce P. Abbott’s and Michael W. Egan’s motion to dismiss. As grounds for their motion Abbott and Egan argue that dismissal is mandated by Antonio Botelho’s failure to timely post a bond, after an adverse finding by a medical malpractice tribunal, as required by G.L.c. 231, §60B (1992 ed.). For the following reasons, the motion to dismiss is denied.
BACKGROUND
On October 29, 1992 Botelho filed the instant action, alleging that all three defendants had committed medical malpractice resulting in amputation of his leg. Abbott requested a medical malpractice tribunal on January 8, 1993. Egan made a demand for a tribunal on January 13, 1993. Egan renewed that demand by a letter to the Bristol County Clerk’s office on May 27, 1993. For reasons that do not appear in the record, the tribunal was not held until March 22, 1994.
*520 The tribunal found that the evidence presented to them was sufficient to raise a legitimate question of liability appropriate for judicial review as to Aghai. As to the moving defendants, Abbott and Egan, the tribunal found that the evidence was not sufficient to raise a legitimate question of liability appropriate for judicial review. The tribunal’s finding was docketed March 22, 1994 (O’Brien, J.).
On April 4, 1994, Botelho’s counsel, in accordance with Superior Court Rule 9A, served the defendants with his Motion to Reduce Bond Due to Indigency. Abbott, in turn, served Botelho with an opposition to said motion. Egan did not oppose the motion.[2] Botelho forwarded the documents to the court on April 19, 1994 and the motion was docketed on April 20, 1994.
On April 21, 1994, a Friday, which was the thirtieth day after the tribunal finding, a clerk mailed the motion to Judge O’Brien, then sitting in Plymouth County. Judge O’Brien allowed the motion and reduced the bond to $50. The motion was returned to Bristol County and the action was docketed on April 25, 1994.
On April 27, 1994 Botelho forwarded a cash bond to the clerk. The bond was docketed on May 5, 1994, forty-four days after the tribunal finding was entered and ten days after the motion to reduce the bond was allowed.
Abbott and Egan now move to dismiss arguing that Botelho’s failure to post a bond within 30 days of the tribunal finding requires dismissal.
DISCUSSION
When a medical malpractice tribunal has made a finding for a defendant, the plaintiff who wishes to proceed against that defendant must, within thirty days of that finding, file a bond in the amount of $6,000. G.L.c. 231, §60B (1992 ed.). A plaintiff may move for a reduction in the bond on the basis of indigency. Id.
A determination of indigency is made based on the standards set out in G.L.c. 261, §27A. Perez v. Bay State Ambulance & Hospital Rental Service, Inc., 413 Mass. 670, 677-78 (1992). Moreover, the procedures to be followed in determining indigency that are set out in G.L.c. 261, §§27A-27D are to be followed when a plaintiff seeks reduction of a tribunal bond due to indigency. Id. at 678. The section of G.L.c. 261 that is critical to the instant case provides that when an affidavit of indigency has been filed with a complaint or other paper initiating a proceeding, that filing is conditional until the affidavit is either granted or denied. G.L.c. 261, §27C(1) (1992 ed.).
Thus, the filing of an affidavit of indigency has the effect of staying proceedings until the affidavit is acted on. There is no time frame which the court must follow in deciding such affidavits. G.L.c. 261, §27c. Botelho, then, by filing an affidavit of indigency stayed the thirty-day period of G.L.c. 231, §60B.
Defendants argue that the language of G.L.c. 231, §60B, that the action “shall be dismissed” if the bond is not posted within thirty days of the tribunal finding, should be strictly construed. Literal construction would, however, be unreasonable and the court declines to adopt it. See Attorney General v. School Committee of Essex, 387 Mass. 326, 336 (1982) (court will look beyond the words of a statute when the literal reading would be inconsistent with legislative intent). The intent of G.L.c. 231, §60B is to assure the continued availability of medical malpractice insurance, Paro v. Longwood Hospital, 373 Mass. 645, 650 (1977), by discouraging frivolous claims, the defense of which tend to increase insurance premiums. Brodie v. Gardner Pierce Nursing & Rest Home, Inc., 9 Mass.App.Ct. 639, 641 (1980). Staying the thirty-day period, consistent with G.L.c. 261, §27C, does not offend the intent of G.L.c. 231, §60B.
Furthermore, the principles of Mass.R.Civ.P. 6(b) have been applied where a plaintiff has missed the thirty-day period. Goldstein v. Barron, 382 Mass. 181, 185-87 (1980) (plaintiff filed bond, in full statutory amount, on thirty-first day after his motions for new tribunal and stay of posting of bond had been denied). Like the plaintiff in Goldstein, Botelho acted expeditiously in seeking post-tribunal relief. His motion was promptly filed in compliance with Rule 9A and, once allowed, the reduced bond was filed within ten days. A total of forty-four days had passed since the tribunal finding.[3] If this constitutes neglect, it is excusable neglect. Goldstein v. Barron, supra at 187.
Finally, any requirement that a plaintiff file a bond before his motion to reduce the bond has been decided would render the bond reduction provisions of G.L.c. 231, §60B meaningless. St. Germain v. Pfeifer, 418 Mass. 511, 522 (1994) (judge must rule on indigent plaintiffs request to reduce bond before the thirty-day period for filing the bond begins to run).
ORDER
It is therefore ORDERED that defendants’ motion to dismiss is DENIED.

 Egan simply sent a letter, dated April 21, 1994, to the clerk, advising that he joined in Abbott’s motion. Although copies of this letter were sent to all counsel, the “opposition” is a nullity as it did not comply with Rule 9A(b)(2).

 At least four of these days were due to the fact that Judge O’Brien had left Bristol County for Plymouth. Denton v. Beth Israel Hospital, 392 Mass. 277, 281, n.5 (1984) (reduction in bond must be made by judge who presided at tribunal).