Cowin, J.
INTRODUCTION
Plaintiff Cumberland Farms, Inc. brings the present action for assessment of damages pursuant to G.L.c. 79, §14 seeking compensation for property located in Canton, Massachusetts which property has been taken by eminent domain for public use. This matter is before the Court on Cumberland Farms’ motion for leave to continue the time for service pursuant to Mass.R.Civ.P. 6(b). Aso before the Court is the Massachusetts Water Resources Authority’s cross motion to dismiss the complaint pursuant to Mass.R.Civ.P. 4(j). For the reasons discussed below, Cumberland Farms’ motion for leave to continue the time for service is DENIED. Further, the Massachusetts Water Resources Authority’s motion to dismiss is ALLOWED.
BACKGROUND
The following facts as appearing in the papers of the parties are uncontested. On August 13, 1996, Cumberland Farms, Inc. (CF) filed a petition in Superior Court against the Massachusetts Water Resources Authority (MWRA) and the Commonwealth of Massachusetts (Commonwealth) seeking compensation for land allegedly taken for the public use by eminent domain. OnAugust23, 1996, CF sent a summons and a copy of the complaint by certified mail to the Office of the Attorney General (Attorney General) in order to effectuate service upon the Commonwealth in accordance with Mass. R Civ. P. 4(d)(3).[2] On the same date, CF also prepared a summons, complaint and correspondence to be forwarded to the MWRA in accordance with Mass.R.Civ.P. 4(d)(5).[3] The Attorney General was served on August 26th and the return receipt was received by CF on the 29th. Through some oversight, however, service was never effectuated on the MWRA and CF never received a return receipt from that defendant.
Thereafter, in late November 1996, Assistant Attorney General Jason Barshak (AAG Barshak) had a telephone conversation with CF’s counsel, attorney Mark Russo of Adler, Pollock & Sheehan.[4] AAG Barshak informed Mr. Russo that the Commonwealth was not an appropriate defendant in CF’s eminent domain action since said action involved a taking by the MWRA, not an action against such entities as the Massachusetts Highway Department or Metropolitan District Commission which are defended by the Attorney General.[5] Approximately two weeks later, on December 4, 1996, AAG Barshak received CF’s First Request for Production of Documents. On December 13th, AAG Barshak spoke by telephone to another attorney from Adler, Pollock & Sheehan, A an Jurista,[6] and informed Mr. Jurista that the Attorney General represented only the Commonwealth in the present action and not the MWRA, that the Attorney General had answered CF’s complaint on behalf of the Commonwealth only, and that service upon the Attorney General was not sufficient service upon the MWRA.
Accordingly, on December 20, 1996, CF effectuated service on the MWRA by certified mail pursuant to Mass.R.Civ.P. 4(d)(5). CF now requests that this Court pursuant to Mass. R. Civ. 6(b) grant leave to continue the time for service upon the MWRA up and until December 20, 1996. The MWRAhas filed a cross motion to dismiss the action against it pursuant to Rule 4(j).
DISCUSSION
Massachusetts Rule of Civil Procedure 6(b) provides in relevant part:
When by these rules or by a notice given thereunder or by order or rule of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect...
CF now contends that its counsel’s oversight in failing to serve the summons and complaint on the MWRA was the result of excusable neglect.
The granting of an extension of time under Rule 6(b) is a matter within the judge’s sound discretion. Croteau v. Swansea Lounge Inc., 402 Mass. 419, 422-23 (1988); Town of Lancaster v. Foley, 15 Mass.App.Ct. 967, 968, *126 rev. den., 389 Mass. 1103 (1983); McDonald v. Bellotti, 29 Mass.App.Ct. 988, 990 (1990). Excusable neglect under Rule 6(b)(2) requires unique or extraordinary circumstances such as where counsel’s failure to timely file a bond in an action was based on legitimate questions of procedure for which no definite precedent existed. Goldstein v. Barron, 382 Mass. 181, 186-87 (1980).
Excusable neglect does not embrace simply a mistake by counsel about the meaning of a statute or rule, or other “garden-variety oversights.” Id. at 186. Further, the party seeking an extension of time bears the burden of establishing excusable neglect and must make more than a slight effort to establish facts tending to show such neglect. Town of Lancaster v. Foley, supra at 968. When counsel’s sole excuse for tardiness in filing an answer was that the defendants hoped to resolve the matter without the need for litigation, this did not constitute excusable neglect under Rule 6(b)(2). Old Colony Bank & Trust Co. v. Tacey Transport Corp., 10 Mass.App.Ct. 825, 826 (1980). Similarly, where a defendant failed to file an answer based on an assumption that the plaintiff no longer intended to pursue her claims, this was an intentional act that could not be considered excusable neglect under Rule 6(b)(2). This was true despite the fact that the assumption was later found to be erroneous. F.D.I.C. v. Nemetz, Civil No. 89-1954D (Suffolk Super. Ct. Aug. 19, 1993) (Lauriat, J.), 1 Mass. L. Rptr. No. 1, 2 (September 13, 1993).
In the present case, CF’s failure to serve the MWRA with process is attributed to an “oversight by counsel.” However, said failure of service was also caused by alack of diligence by counsel in discovering that oversight. Even if CF’s initial oversight could be considered excusable, once placed on notice in November 1996 by AAG Barshak that the Commonwealth was arguably not a proper defendant, the oversight was clearly excusable no longer. At that point, CF should have been alerted to the need to ensure that its attempted service on the MWRA was effective.[7] Moreover, given that service was attempted by certified mail in late August CF should have been concerned when it failed to receive a return of service from the MWRA shortly thereafter. It appears that counsel for CF simply assumed that service had been effectuated without ever taking the simple step of checking the file for a return receipt. This Court cannot conclude that such inaction constitutes “excusable neglect" within the meaning of Rule 6(b)(2). If the type of inaction in this case were encompassed within “excusable neglect,” the category would be broad indeed. Accordingly, this Court declines to exercise its discretion to extend the time for service pursuant to Rule 6(b).
The MWRA seeks to dismiss the complaint against it for failure to effect timely service of process in accordance with Mass.R.Civ.P 4(j). Massachusetts Rule of Civil Procedure 4(j) provides:
If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
The burden is on the plaintiff to show “good cause” why service was not made within the time period required by the rule. Shuman v. The Stanley Works, 30 Mass App. Ct. 951, 953, rev. den., 410 Mass. 1103 (1991); Glasser v. Degenhart, 1995 Mass.App.Div. 43. Good cause is a stringent standard requiring a diligent albeit unsuccessful effort to effect service within the period prescribed by the rule. Shuman v. The Stanley Works, supra at 953; Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26 (1992). Half-hearted efforts by and inadvertence of counsel do not meet this standard. Glasser v. Degenhart, supra at 43. The only example of good cause provided by the Rule’s legislative history is a defendant’s evasion of service. See Shuman v. The Stanley Works, supra at 953.
Although CF did attempt to make service in the present case, this Court cannot characterize that effort as “diligent” in light of CF’s failure to ascertain that its attempted service had succeeded. Thus, this Court concludes that CF has not demonstrated “good cause” within the meaning of Rule 4(j) and the decided cases for its failure to effectuate service within 90 days.
Nonetheless, CF urges this court to find good cause based upon the Reporter’s Note for Federal Rule of Civil Procedure 4. The federal parallel to Mass. Rule 4(j) is presently Fed. Rule 4(m) which provides:
If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1). Fed. R. Civ. P. 4(m) (1993).[8]
The Reporter s Note for Federal Rule 4(m) cited by CF states:
This subdivision retains much of the language of the present subdivision (j)... A specific instance of good cause is set forth in paragraph (3) of this Rule, which provides for extensions if necessary to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies and corporations.
CF thus contends that because an oversight in service on a government agency constitutes good cause under Federal Rule 4(m), this Court should find that it also constitutes good cause under the substantially similar Massachusetts Rule 4(j).
*127 CF correctly asserts that in examining a motion under the Massachusetts Rules of Civil Procedure, our courts will look to cases construing the comparable Federal Rules and be guided by judicial interpretation of the parallel Federal Rules, absent compelling reasons to the contrary or significant differences in content. Rollins Environmental Serv., Inc. v. Superior Court, 368 Mass. 174, 179-80 (975); Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 952-53 (1991); Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 25 (1992). However, in the present case, CF misconstrues the Federal Reporter’s Note on which it urges this Court to rely. The Note to Federal Rule 4(m) explicitly cites to good cause as “set forth in paragraph (3) of this Rule,” referring to the provisions relating to service on the United States government.[9] The amended version of Federal Rule 4(i) states:
Service Upon the United States, and its Agencies, Corporations, or Officers. (1) Service upon the United States shall be effected:
(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.
(2) Service upon an officer, agency or corporation of the United States shall be effected by serving the United States in the manner prescribed by paragraph (1) of this subdivision and by also sending a copy of the summons and of the complaint by registered or certified mail to the officer, agency or corporation.
(3) The court shall allow a reasonable time for service of process under this subdivision for the purpose of curing the failure to serve multiple officers, agencies, or corporations of the United States if the plaintiff has effected service on either the United States attorney or the Attorney General of the United States. Fed.R.Civ.P. 4(i) (1993) (emphasis added).
It is clear that it is this provision in Rule 4(i)(3), and not Rule 4(m) itself, that creates a basis for good cause failure to timely effectuate service upon the Federal government, its agencies or officers. Notably, Massachusetts Rule 4(d)(3)-(6), which governs service upon the Commonwealth and its agencies and officers, contains no language comparable to that added by the 1993 amendment to Federal Rule 4. This is a significant difference in content and accordingly, there is no basis for following the Reporter’s Note cited by CF, and this Court declines to do so. Thus, because CF has failed to demonstrate good cause for its failure to serve the MWRA within 90 days as required by Mass.R.Civ.P. 4(j), the complaint must be dismissed without prejudice as to the MWRA.
This Court is cognizant that the statute of limitations on Count I of CF’s complaint has run. Thus, a dismissal without prejudice will cause CF considerable hardship. Nevertheless, the underlying policy of rule 4(j) is to encourage prompt movement of civil actions in the courts and prejudice to the defendant is not a relevant consideration. Shuman v. The Stanley Works, supra at 954, n.3. The Appeals Court has clearly established that although dismissal under Rule 4(j) will sometimes have the inevitable consequence of rendering a plaintiffs claim time-barred by the applicable statute of limitations, this harsh result does not prevent the operation of the rule, much less provide the basis for a finding of good cause. Hull v. Attleboro Savings Bank, supra at 26-27; Glasser v. Degenhart, supra at 44. Accordingly, CF’s claims against the MWRA must be dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that Cumberland Farm’s motion for leave to continue the time for service be DENIED. It is further ORDERED that defendant Massachusetts Water Resources Authority’s motion to dismiss the complaint against it be ALLOWED without prejudice.

 Rule 4(d)(3) provides that service shall be made “[u]pon the Commonwealth or any agency thereof by delivering a copy of the summons and of the complaint to the Boston office of the Attorney General of the Commonwealth, and, in the case of any agency, to its office or to its chairman or one of its members or its secretary or clerk. Service hereunder may be effected by mailing such copies to the Attorney General and to the agency by certified or registered mail.”

 Rule 4(d)(5) provides that service shall be made “(u]pon an authority, board, committee, or similar entity, subject to suit under a common name, by delivering a copy of the summons and of the complaint to the chairman or other chief executive officer; or by leaving such copies at the office of the said entity with the person then in charge thereof; or by mailing such copies to such officer by registered or certified mail.”

 The papers do not indicate who initiated this conversation.

 General Laws c. 12, §3 provides in relevant part: ‘The attorney general shall appear for the commonwealth and for state departments, officers and commissions in all suits and other civil proceedings in which the commonwealth is a party or interested, or in which the official acts and doings of said departments, officers and commissions are called into question.” Pursuant to St. 1984, c. 67, §3(a), the Massachusetts Water Resources Authority is an “independent public authority not subject to the supervision or control of the executive *128 office of environmental affairs or of any other executive office, department, commission, board, bureau, agency or political subdivision of the commonwealth except to the extent and in the manner provided for in this act.”

 Mr. Jurista also represents plaintiff CF.

 Insofar as CF argues that Barshak should have explicitly informed it at this time that proper service on the MWRA had not been effected, there is no obligation on the part of a defendant to facilitate service of process. Glasser v. Degenhart, 1995 Mass.App.Div. 43. Nor is it incumbent for one defendant to speak on behalf of another.

 Prior to the 1993 amendment of Federal Rule 4, the parallel to Mass. Rule 4(j) was Federal Rule 4(j), the text of which was identical to Mass. Rule 4(j) except that the prescribed time for service was 120 days rather than 90 days. See Fed.R.Civ.P. 4(j) (1987).

 Prior to the 1993 amendment of Federal Rule 4, the provisions relating to service on the United States government were found at Rule 4(d)(4)&(5), which provided:
Service shall be made as follows: . . .
(4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.
(5) Upon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency. If the agency is a corporation the copy shall be delivered as provided in paragraph (3) of the subdivision of this rule.
Fed.R.Civ.P. 4(d) (1987).