NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-963

JENNIFER SHANNON, personal representative,[1]

vs.

HEE W. KIM & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff brought an action for medical malpractice after her decedent suffered a head injury and died while in the defendants' care. On November 14, 2023, a medical malpractice tribunal found that the plaintiff's offer of proof was insufficient to raise a legitimate question of liability. When the plaintiff then failed to post the required $6,000 bond within thirty days, see G. L. c. 231, § 60B, the defendants moved to dismiss the complaint. A Superior Court judge denied the motion, finding that the plaintiff missed the deadline

---

[1] Of the estate of Carol Smith.

[2] Samuel Evans, Comfort O'Dell, Kathleen Ann Murray, Tonya Fontaine, and Sturdy Memorial Hospital, Inc.

because of excusable neglect, and the defendants filed this interlocutory appeal.[3] We affirm.

The defendants' first argument on appeal is that the judge had no authority to enlarge the time for posting the bond, given the statutory requirement that "the action shall be dismissed" if the "bond is not posted within thirty days of the tribunal's finding." G. L. c. 231, § 60B. According to the defendants, the word "shall" means that dismissal is mandatory, even where a plaintiff can demonstrate excusable neglect. This argument is foreclosed by Goldstein v. Barron, 382 Mass. 181 (1980). There, the court held that Mass. R. Civ. P. 6 (b), 365 Mass. 747 (1974) -- which permits enlargements of time in certain circumstances, including on a showing of excusable neglect -- could be applied to extend the thirty-day deadline in G. L. c. 231, § 60B. See Goldstein, supra at 185-186 & n.12. As the court reasoned, "[n]o legislative purpose is offended by proceeding by analogy

---

[3] The defendants argue that the interlocutory appeal is proper under the doctrine of present execution. Given that "an accepted purpose of [the bond requirement] is to discourage a plaintiff from pressing forward with what a tribunal has determined to be unmeritorious claims," Polanco v. Sandor, 480 Mass. 1010, 1011 (2018), it appears that an appeal from the final disposition of the case would be inadequate to protect the defendants' interests. Cf. Breault v. Chairman of Bd. of Fire Comm'rs of Springfield, 401 Mass. 26, 31 (1987) (doctrine of present execution applied to order denying qualified immunity because defendant's right to freedom from suit would "be lost forever" if order were not immediately appealable). The plaintiff does not argue otherwise in her brief.

to allow relief" under rule 6 (b) where a plaintiff's failure to timely post the bond is a result of excusable neglect.  Id. at 186 n.12.  Goldstein is directly on point and controlling. Conversely, the cases relied on by the defendants, Farese v. Connolly, 422 Mass. 1010 (1996), and Hanley v. Polanzak, 8 Mass. App. Ct. 270 (1979), do not address the question of whether the thirty-day deadline can be extended under rule 6 (b).  We therefore conclude that the judge had the authority to enlarge the time for the plaintiff to post the bond on a showing of excusable neglect.

The defendants argue in the alternative that the judge erred in finding that the plaintiff met her burden of showing excusable neglect.  The plaintiff submitted affidavits from her attorneys, Ian McCallister and Kathryn Wickenheiser, in support of her claim of excusable neglect, and the judge heard from both attorneys at a nonevidentiary hearing on the defendants' motion to dismiss.  The essential facts, which are unchallenged on appeal, are these.

On December 4, 2023, a different judge allowed the plaintiff's request to stay the posting of the bond so that the plaintiff could file an interlocutory appeal from the tribunal's decision.  The deadline for filing the interlocutory appeal was December 14, 2023, but McCallister wrongly calendared it as December 22, 2023.  On December 8, 2023, McCallister was

3

hospitalized for a couple of days; the judge took McCallister "at his word" that he would have discovered the calendaring error had he not been hospitalized. The error was not discovered, however, until December 20, 2023, after the time for filing an interlocutory appeal (and for posting the bond) had expired. Wickenheiser then immediately contacted the defendants' attorney to discuss the situation, but they were unable to connect until after Christmas because of illness.[4] The defendants served their motion to dismiss on January 11, 2024.

Based on these facts, the judge permissibly found that the plaintiff's delay in posting the bond resulted from excusable neglect. "[W]hether relief should be granted for excusable neglect is a question [that] requires a case by case assessment of the circumstances." Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430 (1979). In making this assessment, the judge had to consider the following factors:

> "(1) whether the offending party . . . acted promptly . . . to assert [her] claim for relief . . .; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occur[red] before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party's legal representative, rather than to the party [herself]."

---

[4] Wickenheiser averred in her affidavit that she "had a serious family emergency" arise on December 21, 2023, which "remain[ed] ongoing."

4

Id. at 430-431. We review the judge's determination only for an abuse of discretion. See id. at 433.

The judge did not abuse her discretion in concluding that McCallister's "calendaring error combined with an unfortunate medical circumstance" constituted excusable neglect. McCallister was hospitalized during the relevant period, and the judge found that, "[o]nce the error was caught, [Wickenheiser] acted reasonably expeditiously in attempting to remedy the situation." Moreover, the defendants suffered no prejudice from the delay, which occurred at a preliminary stage of the case. In these circumstances the judge was within her discretion to conclude that the plaintiff demonstrated excusable neglect and to extend the time for the posting of the bond.[5] See Goldstein, 382 Mass. at 186-187 (delayed posting of bond was result of excusable neglect where counsel's belief that he had three additional days was reasonable in the absence of "definite precedent" and where "the one day's delay in furnishing bond could not have prejudiced the defendants in any material way"); Berube, 7 Mass. App. Ct. at 434-435 (judge was within discretion to find that plaintiffs' delay in paying costs was result of excusable neglect where, among other factors, "costs were paid

---

[5] After unsuccessfully moving to reduce the amount of the bond, the plaintiff posted the full bond on April 18, 2024.

5

within a week of their due date," plaintiffs' counsel was ill and "under a medical disability" for portions of relevant period, and "there was slight, if any, prejudice to the defendant as a result of the granting of relief").

Order dated March 15, 2024,
    denying defendants' motion
    to dismiss, affirmed.

By the Court (Henry, Shin &
    Brennan, JJ.[6]),

Clerk

Entered:  April 30, 2025.

---

[6] The panelists are listed in order of seniority.