KATHLEEN BLAKE *vs.* SUZANNE AVEDIKIAN & another.[1]

Middlesex. February 6, 1992. - April 16, 1992.

Present: LIACOS. C.J.. WILKINS. NOLAN. LYNCH. & GREANEY. JJ.

*Medical Malpractice*, Tribunal, Expert opinion. *Negligence*, Medical malpractice, Dentist. *Witness*, Expert. *Evidence*, Expert opinion. *Dentist*.

In an action for medical malpractice, an opinion letter supplied by the plaintiff's expert on the letterhead of a professional dental association with the expert's name, followed by the abbreviation "D.M.D.," imprinted on the letterhead, and signed by the expert satisfied the plaintiff's burden of showing that the expert was a practicing dentist and, therefore, met the "extremely lenient" standard of establishing an expert's qualifications before a medical malpractice tribunal, although it would have been preferable for the plaintiff to have submitted an affidavit with supporting documentation as to the expert's credentials. [482-484]

A plaintiff's offer of proof before a medical malpractice tribunal, which included both preoperative and postoperative photographs and a letter from her expert identifying a dental standard that care must be taken to bend back and preserve the gum which is attached to the tooth to be extracted, and stating that the standard was not met, was sufficient, assuming proper qualification of the plaintiff's expert at trial, to satisfy the requirements set out in *Kapp* v. *Ballantine*, 380 Mass. 186, 193 (1980), with respect to the dentist who removed the plaintiff's tooth after it had been broken. [484]

An offer of proof before a medical malpractice tribunal, which presented no evidence of a doctor-patient relationship between the plaintiff and the dentist who assisted at the extraction of the plaintiff's tooth after it had been broken, was insufficient to raise a legitimate question of liability appropriate for judicial inquiry with regard to the assisting dentist. [485]

CIVIL ACTION commenced in the Superior Court Department on September 25, 1987.

[1] John Killilea.

After consideration of the case by a medical malpractice tribunal, motions for reconsideration and to strike the decision of the tribunal were heard by *Catherine A. White*, J., and judgment was ordered by *Robert J. Hallisey*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Evan T. Lawson* for the plaintiff.

*Terrance J. Hamilton* for the defendants.

LYNCH, J. On the plaintiff's complaint, alleging dental malpractice, a malpractice tribunal (G. L. c. 231, § 60B [1990 ed.]) determined that there was not sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry. The plaintiff's motion for reconsideration and motion to strike the decision of the tribunal were denied. The Superior Court dismissed her complaint after she failed to post the required bond, and the plaintiff appealed. The Appeals Court affirmed the dismissal in an unpublished memorandum and order pursuant to Appeals Court Rule 1:28. 31 Mass. App. Ct. 1103 (1991). We granted the plaintiff's application for further appellate review, and now reverse the judgment with respect to Dr. Avedikian, but affirm the judgment with respect to Dr. Killilea.

The defendants argue that the tribunal's determination was correct because the plaintiff's offer of proof was insufficient. "A plaintiff's offer of proof as to negligence will prevail before a malpractice tribunal . . . (1) if a doctor-patient relationship is shown, (2) if there is evidence that the doctor's performance did not conform to good medical practice, and (3) if damage resulted therefrom." *Kapp* v. *Ballantine*, 380 Mass. 186, 193 (1980). The defendants argue that: the plaintiff failed to establish the qualifications of her proffered expert; the expert's opinion letter failed to identify any standards of dental practice to which the defendants' performance did not conform; and that the plaintiff failed to establish a doctor-patient relationship with Dr. Killilea.

1. *Qualification of expert.* The standard for admission of expert testimony before a medical malpractice tribunal is

"extremely lenient," *Halley* v. *Birbiglia*, 390 Mass. 540, 543 n.4 (1983).

"In our view, the tribunal should give consideration to the proffered opinion of an expert if the offer of proof is sufficient to show that a trial judge in his discretion *might properly rule* that the qualifications of the witness are sufficient [emphasis in original]. Thus, the opinions of an expert are to be received *even if the tribunal (or its presiding judge) might decide that if the exercise of discretion were in its province, it would not accept the expert as qualified*" (emphasis added). *Kapp* v. *Ballantine*, 380 Mass. 186, 192 (1980). Furthermore, we note that any challenge to the credentials of an expert should not be made for the first time on appeal. *Halley* v. *Birbiglia, supra.*[2]

The defendants argue that the plaintiff failed to establish her proffered expert as qualified to give an opinion because no information was supplied as to the expert's education, training, knowledge, or professional experience. We have stated that the "extent of [an expert's] training and experience would bear only on the weight that should be given to his testimony," *Commonwealth* v. *Schulze*, 389 Mass. 735, 740 (1983), and not its admissibility. See *Letch* v. *Daniels*, 401 Mass. 65, 69 (1987). Appraisal of the weight and credibility of the evidence by the tribunal is impermissible. *Kapp* v. *Ballantine, supra* at 191. A judge may disqualify the expert at trial, but a tribunal may not, if minimal evidence exists as to the expert's qualifications. *Id.* at 192.

The opinion letter supplied by the plaintiff's expert, Dr. Stephen P. Straus, was typed on the letterhead of a professional dental association and the expert's name, followed by the abbreviation, "D.M.D.," was imprinted on the letterhead. The letter was signed by Dr. Straus with the same abbreviation after his signature and in the signature block. Although it would have been preferable for the plaintiff to have submitted an affidavit with supporting documentation as to the

---

[2]It appears that the defendants did not object to the proffered expert's qualifications at the tribunal hearing.

expert's credentials, we conclude that the letter, as submitted, satisfied the plaintiff's burden of showing that Dr. Straus was a practicing dentist and, therefore, met the "extremely lenient" standard of establishing an expert's qualifications before a medical malpractice tribunal.

2. *Conformance to good medical practice.* The defendants argue that the plaintiff's offer of proof was insufficient to show that the defendants failed to conform to good medical practice. In a proceeding before a medical malpractice tribunal the evidence presented by the offer of proof is viewed by a standard comparable to a motion for a directed verdict, that is, in a light most favorable to the plaintiff. *Kopycinski v. Aserkoff*, 410 Mass. 410, 415, 417-418 (1991).

The plaintiff's offer of proof included a letter from her expert and pre- and postoperative photographs. The defendants argue that the letter sets forth merely conclusory opinions. The plaintiff argues that the letter identifies a dental standard: that care must be taken to bend back and preserve the gum which is attached to the tooth to be extracted, and that the standard was not met. We agree.[3] Assuming the plaintiff's expert is properly qualified at trial, the letter, supported by the photographs, satisfies the requirements set out in *Kapp, supra*, with respect to Dr. Avedikian.[4]

---

[3]The letter states in part:

"I find that the surgical technique used in the removal of tooth #24 deviates substantially from the standard of care for dentists in general practice. Pre-operative photographs taken on October 9, 1984 definitively show that the patient had an adequate zone of keratinized attached gingiva on the labial surfaces of her mandibular anterior teeth, while eight-day post-operative photographs reveal a maceration and discontinuity of the gingiva at the surgical site, with stripping of the mesiobuccal portion of the root of tooth #23. Subsequent photographs taken on December 3, 1984 and January 8, 1985 clearly demonstrate the residual defects.

"It is obvious that proper and necessary care was not taken to reflect and preserve the attached gingiva during the procedure. The complication of crown fracture does not in any way relate to the protection of soft tissue, and does not release the surgeon from liability for its destruction."

[4]The defendants admitted in their answer to the plaintiff's complaint that a doctor-patient relationship existed between the plaintiff and Dr. Avedikian.

3. *Doctor-patient relationship.* The plaintiff's complaint did not expressly allege a doctor-patient relationship with Dr. Killilea. Even if it had, without more, such allegation would not be enough. We have stated that "Section 60B, albeit imprecise, plainly requires the plaintiff to do more than simply plead facts constituting a legal cause of action. The statute instructs the tribunal to 'determine if the *evidence* presented . . . is sufficient to raise a legitimate question of liability appropriate for judicial inquiry'. . . . Indeed, the statute goes further by expressly delineating possible sources of admissible evidence . . . ." (Emphasis supplied.) *Little* v. *Rosenthal*, 376 Mass. 573, 578 (1978). The plaintiff here presented no evidence of a doctor-patient relationship with Dr. Killilea. The plaintiff argues in her brief that her offer of proof asserted that Dr. Killilea assisted Dr. Avedikian in extracting her tooth after it had been broken.[5] Such assertion by the plaintiff's attorney is not evidence of a doctor-patient relationship. The defendants made no admissions as to a doctor-patient relationship with respect to Dr. Killilea. Contrast note 4, *supra.* Nothing in the opinion letter of the plaintiff's expert can be construed as addressing Dr. Killilea's alleged performance. The plaintiff's offer was defective as to Dr. Killilea.

The judgment of the Superior Court in favor of Dr. Avedikian is reversed; the judgment dismissing the action against Dr. Killilea is affirmed.

*So ordered.*

---

[5]This allegation was made in the plaintiff's memorandum to the tribunal.