THERESA S. MATAITIS *vs.* WALTER ST. GOAR.

Suffolk. September 13, 1993. - November 2, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Medical Malpractice*, Tribunal, Expert opinion. *Negligence*, Medical malpractice.

A plaintiff's offer of proof to a medical malpractice tribunal that stated, through an expert, that the defendant physician's failure to treat the plaintiff's symptoms was not in accord with accepted medical practice, and that the plaintiff was harmed as a result, was sufficient to raise a legitimate question of liability appropriate for judicial inquiry; the plaintiff was not required to state in addition what the defendant physician should have done. [327]

CIVIL ACTION commenced in the Superior Court Department on January 27, 1986.

A motion to dismiss was heard by *Barbara J. Rouse*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Francis C. Newton, Jr.*, for the plaintiff.

*William J. Dailey, Jr.*, for the defendant.

WILKINS, J. This medical malpractice action presents the question whether the evidence that the plaintiff offered to a medical malpractice tribunal raised a legitimate question of liability appropriate for judicial inquiry (G. L. c. 231, § 60B [1992 ed.]). The plaintiff's offer of proof stated, through an expert, that the defendant physician's failure to treat the patient's symptoms was not in accord with accepted medical practice but did not explicitly state through that expert or otherwise what treatment would have been consistent with accepted medical practice. The medical malpractice tribunal ruled that the plaintiff's offer of proof was not sufficient. On appeal from a judgment dismissing the complaint, the Ap-

peals Court issued an unpublished memorandum and order and affirmed the judgment. 33 Mass. App. Ct. 1112 (1992). We granted the plaintiff's application for further appellate review, and now reverse the judgment.

Because in the offer of proof there was a clear showing of a physician-patient relationship and because, if there was a negligent failure seasonably to treat the plaintiff, the plaintiff was shown to have been harmed by that delay, the only issue is whether the plaintiff made a sufficient showing that the defendant failed to conform to accepted medical practice. See *Kapp* v. *Ballantine*, 380 Mass. 186, 193 (1980). The Appeals Court concluded that "[t]here is no evidence — indeed, no suggestion — as to what the accepted medical practice would have been."

The offer of proof indicated the following facts. In July, 1982, the plaintiff consulted the defendant, who diagnosed her condition as "primary hyperparathyroidism" and recommended surgery which was performed by another physician in the middle of August. She visited the defendant on September 27, complaining of weakness, difficulty swallowing, and easy fatigue of her vocal chords. The defendant ordered blood tests but performed no physical examination or neurological tests. On October 14, the plaintiff saw the defendant again, complaining of substantial difficulty in walking, muscle weakness, and fatigue. The defendant did not then prescribe any treatment for the patient. After she had visited other physicians without success, a physician in Texas started treating her in January, 1983, for hypocalcemia with vitamin D and calcium, and she started to improve.

A physician, whose qualifications are not subject to successful challenge at the medical malpractice tribunal stage at least, gave an opinion by letter that the care and treatment of the plaintiff by the defendant from September 27, 1982, to October 14, 1982, was "not in accord with accepted medical practice for a doctor in his specialty." The expert continued, stating that the plaintiff "received no treatment for her symptoms of weakness and fatigue" on September 27 or October 14. The plaintiff, the expert stated, received no treat-

ment for her virtual inability to walk until January, 1983, and the "delay in treatment excessively delayed her recovery."

The expert's letter makes an offer of proof that the defendant's failure to treat the plaintiff's symptoms in September and October was contrary to accepted medical practice, that he should have treated her condition, and that his failure caused a delay in her recovery. The defendant is correct in arguing that the expert did not explicitly indicate what treatment accepted medical practice required be done. No prior case has held that, where a physician's alleged negligence consists of a failure to act, a plaintiff's presentation to the malpractice tribunal must state not only that there was a negligent failure to act that caused harm, but also must state what the physician should have done.[1] We decline to establish such a requirement.[2] Of course, a thorough presentation in these circumstances would have included a statement of what the physician should have done. The plaintiff's offer of proof, however, represented more than conclusory allegations. It focused on an asserted negligent failure to treat specific symptoms known to the physician on specific days and stated that avoidable harm was caused by the delay. We are simply holding that a plaintiff's presentation to a tribunal need not state what a defendant physician should have done when that presentation adequately states that the defendant negligently failed to act and that the plaintiff was harmed as a result.

Because the plaintiff's presentation to the medical malpractice tribunal was sufficient to warrant further judicial in-

---

[1] Concomitantly, no case has required that an offer of proof must state what acts a physician should properly have performed when the presentation states that the action that the physician took was not in accord with accepted medical practice.

[2] The treatment given to the plaintiff in Texas suggests what proper treatment might have been. Certainly the evidence indicates that steps could have been taken earlier than they were to alleviate her condition. Cf. *DiGiovanni* v. *Latimer*, 390 Mass. 265, 270 (1983).

quiry, the judgment of dismissal is reversed, and the matter is remanded to the Superior Court for further proceedings.

*So ordered.*