Merrick, J.
This is an action for dental malpractice allegedly committed by defendants Suzanne Avedikian, DMD (“Avedikian”) and John Killilea, DMD (“Kil-lilea”). The plaintiff now appeals the dismissal of her amended complaint as to Kil-lilea.
This action was commenced in the Superior Court on September 25,1987. The complaint alleged that the plaintiff went to Avedikian’s office to have her lower left central incisor extracted for orthodontic reasons. Avedikian began the extraction, the tooth broke and Avedikian called in Killilea to complete the extraction.
A medical malpractice tribunal (“the Tribunal”) was convened to review the plaintiffs offer of proof pursuant to G.L.c. 231, §60B. The Tribunal ruled that the plaintiff failed to present sufficient evidence to raise a legitimate question of liability for judicial inquiry. The Superior Court denied the plaintiff’s subsequent motion for reconsideration of the Tribunal’s decision, and dismissed the case after the plaintiff failed to file the required statutory bond.
*237 The Appeals Court affirmed the Superior Court’s judgment. Upon further appellate review, the Supreme Judicial Court reversed the judgment of dismissal as to Avedikian, but affirmed the judgment as to Killilea. Blake v. Avedikian, 412 Mass. 481 (1992). The Court ruled, inter alia, that the plaintiffs G.L.c. 231, §60B offer of proof failed to present evidence of the plaintiff’s doctor-patient relationship with Killilea.
Upon receipt of the Supreme Judicial Court’s rescript, the Superior Court dismissed the case against Dr. Killilea. Thereafter, the plaintiff’s case against Dr. Avedikian was transferred for trial to the Cambridge Division of the District Court Department. G.L.c. 231, §102C.
More than one year after the dismissal of the case as to Killilea, the plaintiff successfully moved in the Cambridge Division to amend her complaint by adding Kil-lilea as a party defendant. Killilea responded with a motion to dismiss, which was allowed. The plaintiff thereafter requested an appeal to this Division.
The judgment of dismissal in favor of defendant Killilea constituted a final adjudication on the merits of the plaintiff’s claim against him. Mass. R. Civ. R, Rule 41(b) (3). The plaintiff contends that she is not bound by that judgment, either as res judicata or the law of the case, on the theory that Killilea obtained the judgment of dismissal by fraud.
The joint answer filed by the defendants in 1987 admitted six of the seven paragraphs of the plaintiff’s complaint which set forth factual allegations. The defendants denied paragraph number 7 which recited:
7. On October 15,1984, while attempting to extract plaintiff’s lower left central incisor, defendant Suzanne Avedikian broke the tooth and required the assistance of John Killilea to complete the extraction. The resulting extraction caused the plaintiff to sustain a permanent deformity.
In deposition testimony and answers to interrogatories in 1993, defendant Avedikian asserted that she had called in Dr. Killilea because of the complication of the plaintiff’s broken tooth. The plaintiff now contends, without benefit of the citation of any legal authority, that Avedikian’s testimony as to a doctor-patient relationship between the plaintiff and Killilea establishes that the defendants’ denial of allegation number 7 was fraudulent, that the Superior Court judgment by order of the Supreme Judicial Court was thus obtained by fraud, and that such judgment is not binding on the plaintiff or the district trial court.
It is unnecessary to address the plaintiff’s remarkable contention that a District Court can vacate or simply disregard a judgment of the Superior Court which was entered upon rescript from the Supreme Judicial Court. We also need not decide the question of whether the plaintiff may attempt to vacate a judgment merely by moving to amend his complaint and without filing either a Dist./Mun. Cts. R. Civ. P., Rule 60(b) (3) motion for relief from judgment (in the appropriate judicial forum) or an independent action for the express purpose of setting aside such judgment. It should be noted in this regard that a Rule 60(b) (3) motion must be filed within one year, and must be predicated on an actual fraud upon the court which consists of “only the most egregious misconduct, such as bribery of a judge or members of a jury, or fabrication of evidence by a party in which an attorney is implicated.” Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 182 (1990).
Dispositive of the plaintiff’s appeal is the simple fact that the defendants’ denial of paragraph 7 in no way remotely approaches that which could be termed a fraudulent denial of a doctor-patient relationship between the plaintiff and Killilea. The defendants cannot be charged with fraudulently denying that which the plaintiff failed to allege and plead clearly. As the Supreme Judicial Court stated in its 1992 opinion, “ [tjhe plaintiff’s complaint did not expressly allege a doctor-patient relationship with Dr. Killilea.” Blake v. Avedikian, supra at 485. Paragraph 7 instead sets forth several factual allegations which the defendants could have denied, including the nature of *238 the plaintiffs alleged injury as a “permanent deformity.” While the defendants’ general denial of paragraph 7 does not precisely satisfy Rule 8 (b), which requires a party to specify that part of an allegation which it admits and that which it denies, such pleading imprecision is not tantamount in this case to fraud.
We note in conclusion that the Supreme Judicial Court’s decision affirming the dismissal of the plaintiff’s claim against Killilea was not, in any event, based solely on the absence of evidence in the plaintiff’s offer of proof of a doctor-patient relationship with Killilea. The Court stated: “Nothing in the opinion letter of the plaintiff’s expert can be construed as addressing Dr. Killilea’s alleged performance.”//.
The district court correctly dismissed the plaintiff’s amended complaint, which improperly re-introduced Dr. Killilea as a defendant after a Superior Court judgment of dismissal in his favor.
There being no error, the report is dismissed.