BIAGIO M. FARESE[1] & another[2] *vs.* PATRICIA A. CONNOLLY.[3] May 9, 1996. *Medical Malpractice,* Tribunal, Bond.

Stripped of procedural aspects not significant to the result (including the plaintiffs' objections to the entry of a judgment from which they have not appealed), the appeal in this medical malpractice action presents a single straightforward issue. Following a panel determination in a physician's favor under G. L. c. 231, § 60B (1994 ed.), and the plaintiffs' failure seasonably to file a bond, must the judgment dismissing the action be entered with prejudice? In this case, the judge entered a judgment that dismissed the complaint without prejudice. The defendant physician's appeal, which we transferred here on our own motion, challenges the dismissal without prejudice. We conclude that dismissal of such an action must be with prejudice.

Section 60B of G. L. c. 231 provides that, after a panel's finding for a defendant physician, "the plaintiff may pursue the claim through the usual judicial process only upon filing bond" and "[i]f said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed." The provision that the claim may be preserved judicially only if a bond is filed indicates a legislative intent that the claim may not otherwise be pursued. The purpose of the medical malpractice tribunal statute would be undercut if a plaintiff were to be allowed to start all over again. See *McMahon* v. *Glixman,* 379 Mass. 60, 64 (1979) (plaintiff who fails to file bond "runs the risk of being out of court entirely" in taking pretrial appeal from tribunal finding).

The judgment is vacated, and judgment shall be entered dismissing the action with prejudice.

*So ordered.*

*Nancy L. Watson* for the defendant.

*Susan K. Howards* for the plaintiffs.