KATHLEEN BLAKE *vs*. SUZANNE AVEDIKIAN & another.[1]

Middlesex. January 10, 1996. - January 21, 1997.

Present: ABRAMS, LYNCH, O'CONNOR, & FRIED, JJ.

*Medical Malpractice,* Tribunal. *Negligence,* Medical malpractice, Dentist.
*Res Judicata. Practice, Civil,* Complaint, Amendment, Relief from judg-
ment.

In a dental malpractice case in which one defendant had been correctly and
finally dismissed before trial because no doctor-patient relationship had
been demonstrated, the plaintiff was not entitled to reinstatement of that
defendant as a party based on alleged fraud in the defendant's answers
to the complaint [173-175]; further, that defendant's nonliability was res
judicata, as the issue had been subject to final appellate review [175];
and finally, the plaintiff's motion to amend the complaint to add that
defendant was not timely [175].

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 25, 1987.

Following review by this court, 412 Mass. 481 (1992), fur-
ther proceedings were held in the Cambridge Division of the
District Court Department, where a motion to dismiss was
heard by *Jonathan Brant,* J.

The Supreme Judicial Court granted an application for
direct appellate review.

*Evan T. Lawson* for the plaintiff.

*Tory A. Weigand* for John Killilea.

O'CONNOR, J. The plaintiff, Kathleen Blake, commenced
this dental malpractice case in 1987 against the defendants,
Dr. Suzanne Avedikian and Dr. John Killilea. Thereafter, a
medical malpractice tribunal was convened pursuant to G. L.
c. 231, § 60B, to consider Blake's offer of proof. The tribunal
determined that the evidence presented to it was insufficient
to raise a legitimate question of the defendants' liability ap-
propriate for judicial inquiry. Blake moved for reconsidera-

[1]John Killilea.

tion of the tribunal's decision. The motion was denied. Blake did not file the bond required by G. L. c. 231, § 60B, as a condition of pursuing her claims "through the usual judicial process." As a result, a judge in the Superior Court dismissed the action as to both defendants. The Appeals Court affirmed the judgment of dismissal in an unpublished memorandum pursuant to its rule 1:28. 31 Mass. App. Ct. 1103 (1991).

This court granted Blake's application for further appellate review. We reversed the judgment with respect to Dr. Avedikian, thus permitting that case to go forward, but we affirmed the judgment dismissing the action against Dr. Killilea. *Blake* v. *Avedikian*, 412 Mass. 481 (1992). With respect to Blake's case against Dr. Killilea, we reasoned: "The plaintiff here presented no evidence of a doctor-patient relationship with Dr. Killilea. . . . Nothing in the opinion letter of the plaintiff's expert can be construed as addressing Dr. Killilea's alleged performance. The plaintiff's offer was defective as to Dr. Killilea." *Id.* at 485.

Following our decision that allowed Blake to proceed against Dr. Avedikian but not against Dr. Killilea, the case involving Blake and Dr. Avedikian was remanded to the Cambridge Division of the District Court Department. Dr. Avedikian was deposed and, based on her testimony, Blake moved in the District Court to amend her complaint and add Dr. Killilea as a defendant. The judge allowed the motion. Dr. Killilea then moved for dismissal of the action against him, and another District Court judge allowed his motion. Blake appealed to the Appellate Division of the District Court, which affirmed the order of dismissal. Blake then appealed from that decision and this court granted her application for direct appellate review. We too affirm the order dismissing the complaint as to Dr. Killilea.

Blake argues that Dr. Killilea's attorney intentionally misled the Superior Court, including the medical malpractice tribunal, by generally denying the following allegations appearing in paragraph 7 of the complaint: "On October 15, 1984 while attempting to extract Plaintiff's lower left central incisor, Defendant Suzanne Avedikian broke the tooth and required the assistance of John Killilea to complete the extraction. The resulting extraction caused the plaintiff to sustain a permanent deformity." Blake asserts that Dr. Avedikian's deposition made it apparent that there was a doctor-patient re-

lationship between Dr. Killilea and Blake, and that Dr. Kil-
lilea's attorney must have been aware of that relationship
when he filed Dr. Killilea's answer denying the allegations in
paragraph 7. Blake also argues that the answer deceived her
and constituted fraud on the court, with the result that she is
entitled to reinstate Dr. Killilea as a defendant and proceed
with her case. We do not agree.

We agree with the following passage in the Appellate
Division's opinion:

> "Dispositive of the plaintiff's appeal is the simple fact
> that the defendants' denial of paragraph 7 in no way
> remotely approaches that which could be termed a fraud-
> ulent denial of a doctor-patient relationship between the
> plaintiff and Killilea. The defendants cannot be charged
> with fraudulently denying that which the plaintiff failed
> to allege and plead clearly. As the Supreme Judicial
> Court stated in its 1992 opinion, '[t]he plaintiff's com-
> plaint did not expressly allege a doctor-patient relation-
> ship with Dr. Killilea.' *Blake* v. *Avedikian, supra* at 485.
> Paragraph 7 instead sets forth several factual allegations
> which the defendants could have denied, including the
> nature of the plaintiff's alleged injury as a 'permanent
> deformity.' While the defendants' general denial of
> paragraph 7 does not precisely satisfy Rule 8(b), which
> requires a party to specify that part of an allegation
> which it admits and that which it denies, such pleading
> imprecision is not tantamount in this case to fraud."

Indeed, had Dr. Killilea admitted all the allegations in
paragraph 7 of the complaint, the relevant admissions would
only have been that, while attempting to extract Blake's tooth
Dr. Avedikian broke the tooth, requiring Dr. Killilea's assis-
tance to complete the extraction, which extraction caused a
permanent deformity. If Dr. Killilea had admitted to the sev-
eral allegations in paragraph 7, those concessions would not
have established for tribunal purposes that Dr. Killilea's as-
sistance was anything more than brief advice to Dr. Avedikian
by telephone, which we have never held sufficient to establish
a doctor-patient relationship. Blake does not suggest that that
form of assistance would result in a doctor-patient relation-
ship. Indeed, in her reply brief, Blake asserts only that "a

doctor-patient relationship is created when treatment is undertaken, including assisting another, *so long as there is contact with the patient*" (emphasis added). Although Dr. Killilea's answer to paragraph 7 may have been inappropriate, it was not prejudicial and did not constitute fraud.

Furthermore, contrary to Blake's argument, Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), which focuses on interlocutory matters, is not applicable to this case. Final judgment of dismissal of the complaint as to Dr. Killilea was rendered in the Superior Court. Indeed, Blake's prompt appeal from that order implicitly acknowledged that the order was not interlocutory, as did this court's acceptance of the appeal and its decision affirming the judgment of dismissal. Blake's subsequent motion in the District Court to amend her complaint and add Dr. Killilea as a defendant was ineffective because Dr. Killilea's nonliability was res judicata. *Farese* v. *Connolly*, 422 Mass. 1010 (1996) (where plaintiff fails to sustain offer of proof before medical tribunal, does not post bond, and action is dismissed, plaintiff foreclosed from reactivating action against same defendant doctor for same injury).

If we were to treat Blake's motion to amend her complaint and add Dr. Killilea as a defendant as though it were a motion to vacate the judgment of the Superior Court after rescript under Mass. R. Civ. P. 60 (b) (3), 365 Mass. 828 (1974), Blake would fare no better, not only because no fraud was established, but also, as the Appellate Division's opinion observes, "a Rule 60 (b) (3) motion must be filed within one year [after the judgment from which relief is sought]." *Blake* v. *Avedikian*, SJC 06967 January 21, 1997. The motion here was not timely.

The judgment of dismissal entered in the Cambridge Division of the District Court is affirmed.

*So ordered.*