SINGH, J.
*587 After a hearing, a judge of the Superior Court in Essex County (motion judge) allowed the defendant's motion to dismiss the Commonwealth's petition to commit him as a sexually dangerous person, as defined by G. L. c. 123A, § 1. The basis of the defendant's argument was that the Commonwealth did not have sufficient evidence to meet its burden at trial, as the motion judge had previously excluded the *56 report of the only qualified examiner to opine that the defendant was sexually dangerous. See Johnstone, petitioner, 453 Mass. 544, 553, 903 N.E.2d 1074 (2009) (in order for Commonwealth to proceed to trial, at least one qualified examiner must opine that the defendant is sexually dangerous). The report of the qualified examiner at issue had been excluded (and a third *588 qualified examiner appointed), based on the "appearance of an inappropriate and avoidable conflict" of interest in the examiner's professional association with an expert previously retained by the Commonwealth in the same matter. The Commonwealth appeals from the dismissal of its petition. For the reasons below, we reverse.
1. Background. On March 9, 2017, the Commonwealth filed a petition in the Superior Court in Essex County to commit the defendant as a sexually dangerous person, as defined by G. L. c. 123A, § 1. At the time, the defendant was an inmate serving a sentence at the Essex County House of Correction pursuant to a violation of his probation on offenses of rape of a child and indecent assault and battery on a child. In its petition, the Commonwealth stated that it had retained Mark Schaefer, Ph.D., to review materials related to the defendant, and that Dr. Schaefer had opined that the defendant was a sexually dangerous person pursuant to the statute.
Prior to a determination of probable cause, the defendant requested an interview with Dr. Schaefer. Though Dr. Schaefer agreed and interviewed the defendant, the interview did not alter his ultimate opinion that if released the defendant "was likely to sexually reoffend," and met the statutory criteria for a sexually dangerous person.
After a hearing at which Dr. Schaefer testified, a judge of the Superior Court (not the motion judge) found probable cause to believe that the defendant was a sexually dangerous person, and ordered him temporarily committed to the Massachusetts Treatment Center for examination by two qualified examiners, pursuant to G. L. c. 123A, § 13. Two qualified examiners were appointed: Robert H. Joss, Ph.D., and Katrin Rouse Weir, Ed.D. After interviewing the defendant and reviewing the relevant materials, Dr. Joss opined that the defendant was sexually dangerous, and Dr. Rouse Weir opined that the defendant was not.
After the reports of the qualified examiners were submitted to the court, the defendant moved to exclude Dr. Joss from providing evidence at trial, or in the alternative, to appoint a new qualified examiner to evaluate the defendant. As grounds therefor, the defendant alleged that Dr. Joss and Dr. Schaefer were both among six "member/partners in Psychological Consulting Services ('PCS'), a limited liability corporation [LLC] based in Salem, Massachusetts." He argued that the members of the LLC have a fiduciary duty of loyalty to the company and are necessarily *589 "dedicated to [its] financial and professional success." Because Dr. Schaefer and Dr. Joss were "intertwined both professionally and financially," through their partnership in PCS, the defendant claimed that their relationship "create[d] a conflict of interest and raise[d] a genuine issue of Dr. Joss's impartiality in his role as a [qualified examiner]." The defendant offered no affidavit in support of his motion, and did not request an evidentiary hearing.
The motion judge allowed the defendant's motion insofar as it requested the exclusion of Dr. Joss's report, and ordered the appointment of a new qualified examiner to replace him, prohibiting the new examiner from reading Dr. Joss's report. In his order, the judge made no specific findings of fact, but indicated that his decision *57 was "based on the appearance of an inappropriate and avoidable conflict."
Gregg A. Belle, Ph.D., was appointed as a substitute qualified examiner, and at the conclusion of his examination and review, opined that the defendant was not sexually dangerous. After Dr. Belle submitted his report to the court, the defendant moved both to dismiss the Commonwealth's petition for lack of evidence and for release from the Treatment Center. After a hearing, the defendant's motion was allowed, and the instant appeal followed.[1]
2. Discussion. The Commonwealth challenges the motion judge's allowance of the defendant's motion to dismiss its petition to commit the defendant as a sexually dangerous person. The judgment dismissing the petition is the result of the judge's earlier decision to exclude the report of Dr. Joss, the sole qualified examiner to opine that the defendant was sexually dangerous. Though in that order, the judge made no mention of Dr. Joss's potential opinion testimony at trial, he strongly implied that Dr. Joss's opinion would be excluded in any form. In his later order of dismissal, the judge indicated that the appearance of conflict here at issue "compel[led] the disqualification of Dr. Joss." We accordingly view the motion judge's rulings as both disqualifying Dr. Joss as a witness and excluding his opinion, whether in written or oral form.
The Commonwealth concedes that without the opinion of Dr. Joss, it could not sustain its burden at trial, as the opinion of at least one qualified examiner is required. See *590 Johnstone, petitioner, 453 Mass. at 553, 903 N.E.2d 1074. Because of the posture of the case, we thus treat the Commonwealth's challenge to the allowance of the motion to dismiss essentially as a challenge to the motion judge's decision to exclude the opinion of Dr. Joss.
The Commonwealth argues that the judge's exclusion of Dr. Joss's report was improper, because the opinions of qualified examiners are per se admissible as a matter of law, and the motion judge was thus without discretion to act as a gatekeeper with respect to such evidence. We disagree with this broadly stated proposition.
General Laws c. 123A, § 14(c ), renders presumptively admissible "the report of any qualified examiner," and, in most cases, makes it unnecessary for a judge to determine whether such testimony satisfies the foundation requirements for the admission of expert witness testimony pursuant to Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and Commonwealth v. Lanigan, 419 Mass. 15, 26, 641 N.E.2d 1342 (1994). See Commonwealth v. Bradway, 62 Mass. App. Ct. 280, 283-289, 816 N.E.2d 152 (2004). Notwithstanding this general rule, as we have frequently held, the testimony and reports of qualified examiners are not wholly immune to judicial scrutiny. See, e.g., Esteraz, petitioner, 90 Mass. App. Ct. 330, 335, 58 N.E.3d 1100 (2016) (actuarial sexual offender assessment tool not per se admissible pursuant to statute); Gammell, petitioner, 86 Mass. App. Ct. 8, 14-15, 12 N.E.3d 409 (2014) (penile plethysmograph testing not per se admissible through qualified examiner's report); LeSage, petitioner, 76 Mass. App. Ct. 566, 571, 924 N.E.2d 309 (2010) (judge retains authority to decide whether designated qualified examiner is, in fact, qualified). See also Commonwealth v. Markvart, 437 Mass. 331, 339, 771 N.E.2d 778 (2002) (qualified examiner's *58 report may not serve as a vehicle to admit otherwise inadmissible hearsay). And, reports otherwise admissible by statute may be objectionable on constitutional grounds. See Commonwealth v. Given, 441 Mass. 741, 746, 808 N.E.2d 788 (2004) (admission of hearsay contained in police report, though admissible by statute, must nonetheless be reviewed for due process violation).
Having established that the motion judge was not per se precluded from assessing the admissibility of Dr. Joss's opinion, we turn to the specific issue here, reviewing the judge's decision to disqualify Dr. Joss for any abuse of discretion. See Grant v. Lewis/Boyle, Inc., 408 Mass. 269, 272, 557 N.E.2d 1136 (1990).
The decision of the motion judge excluding Dr. Joss's report is based wholly on a determination that Dr. Joss's testimony suffered *591 from the appearance of a conflict of interest, rather than from an actual conflict. In addition to the explicit language of his order excluding Dr. Joss's opinion based on "the appearance of an inappropriate and avoidable conflict," the judge, in hearings on the matter, noted that he was not finding or suggesting that an actual conflict existed, repeatedly stated that he was not impugning the integrity of Dr. Joss, and clarified, "This isn't about actual bias." (Emphasis added.)
Assuming, without deciding, that there is the appearance of a conflict of interest, the defendant has supplied no authority to suggest that the mere appearance of conflict, without a finding of any actual conflict, is sufficient reason to disqualify an expert witness from testifying, and we have found none. We note that in cases where a party seeks to disqualify an attorney for a conflict of interest, the mere appearance of impropriety without attendant ethical violations is insufficient to support an order of disqualification. See Bryan Corp. v. Abrano, 474 Mass. 504, 516, 52 N.E.3d 95 (2016) ; Adoption of Erica, 426 Mass. 55, 64, 686 N.E.2d 967 (1997). Assuming without deciding that an expert witness can be similarly disqualified where he has committed ethical violations, the defendant has not alleged and the motion judge did not find any violation of Dr. Joss's professional ethics related to the purported conflict here.[2]
A party alleging that a witness suffers from a disqualifying conflict of interest in a case has the burden of proving its "existence and precise character." Commonwealth v. Soffen, 377 Mass. 433, 437, 386 N.E.2d 1030 (1979). See Springfield v. Rexnord Corp., 111 F.Supp.2d 71, 73 (D. Mass. 2000) (for purposes of a motion to disqualify an expert, "[a]n objecting party has the burden of proving that there exists a conflict of interest warranting disqualification"). On this record, the defendant has plainly failed to meet his burden to do so.
The defendant alleged that Dr. Joss suffered from a disqualifying conflict of interest in the case, based solely on the fact that he and the Commonwealth's retained probable cause expert were each among six partners in the same LLC.[3] He argued that Dr. Joss's partnership with Dr. Schaefer caused Dr. Joss to have an *592 unfair bias toward Dr. Schaefer and thus inclined him *59 to agree with Dr. Schaefer's opinion of sexual dangerousness. The defendant further claimed that the partnership incentivized Dr. Joss to come to the same conclusion as Dr. Schaefer in order to avoid the public perception that Dr. Schaefer had been "proven wrong."
The defendant's argument essentially amounts to conjecture. It rests on the unproven hypothesis that the value of a professional practice consisting of licensed forensic psychologists will be diminished unless individual members who are called upon to examine a person express the same opinions about whether that person meets the statutory criteria as a sexually dangerous person. The defendant proffered no evidence in support of his position. Nor did he seek an evidentiary hearing. The record is accordingly devoid of any specific information regarding the financial details of the partnership at issue, such as the protocols and practices of communication between the partners regarding their cases. Nor does the record indicate whether the two doctors are subject to any professional ethical standards governing conflict of interest issues that would be relevant to the situation here presented.
Where, as here, the reliability or validity of a proffered expert's methodology is not at issue, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means [of attacking the expert's testimony]." Daubert, 509 U.S. at 596, 113 S.Ct. 2786. See Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 13, 696 N.E.2d 909 (1998) (challenges to the validity of expert conclusions "go to the weight, not the admissibility, of the evidence"); Blake v. Avedikian, 412 Mass. 481, 483, 590 N.E.2d 183 (1992) ("the extent of [an expert's] training and experience would bear only on the weight that should be given to his testimony ... and not its admissibility"). Ultimately, "the touchstone of admissibility is reliability ...." Commonwealth v. Sands, 424 Mass. 184, 185, 675 N.E.2d 370 (1997). In the absence of evidence suggesting that the reliability of the witness's testimony is in doubt or that the witness is under an actual conflict of interest, the remedy for the defendant's concerns is in forceful cross-examination and argument, not in exclusion.
3. Conclusion. Because the defendant did not meet his burden to prove a disqualifying conflict of interest, Dr. Joss's report and opinion should not have been excluded. As this exclusion served as the sole basis for the allowance of the defendant's motion to dismiss the Commonwealth's petition, the motion judge's decision *593 cannot stand. Accordingly, we vacate the judgment and order of discharge.
So ordered.

A single justice of this court stayed the judgment below pending resolution of the Commonwealth's appeal.

We note as well that expert witnesses acting in a nonlegal capacity need not be held to the same ethical standards as attorneys. See Grant, 408 Mass. at 272, 557 N.E.2d 1136.

The defendant's motion to exclude Dr. Joss's testimony did not offer a source of support for the assertion that Drs. Joss and Schaefer were partners in the same LLC. On appeal, the defendant relies on the letterhead of Dr. Schaefer's report. The Commonwealth appears to have conceded this point below, and does not contest it on appeal.