NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-961

YU-FEN LIU

vs.

TUFTS MEDICAL CENTER INC., & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Yu-Fen Liu, appeals from a Superior Court judgment dismissing her complaint.  She argues that the Superior Court judge erred in concluding that the doctrine of claim preclusion bars her claims in this case.  We affirm.

Background.  On November 24 and 25, 2019, the plaintiff was treated at the emergency department of defendant Tufts Medical Center Inc., (Tufts) for chest pain and a rash.  Based on the care she received during that visit, on March 4, 2022, the plaintiff filed a complaint against Tufts and defendant Leah I.

---

[1] Jennifer Jane Doe, Patrice Stewart, Michael Wiser, James M. Stephen, Sara Zelman, Peter Ostrow, Jonathan Weinstock, Jane Does 1-2, Neil Halin, Leah I. Kaplan, Arhant Rao, Linda A. Cotter, Nora Bosteels, Daniel Augustadt, John Doe Anthony, and John Does 1-4.  All individual defendants are sued in their individual capacities and as employees or agents of Tufts Medical Center Inc.

Kaplan, an internal medicine resident, alleging medical malpractice and abuse by security officers. However, the plaintiff did not timely file an offer of proof as required by Rule 73 of the Rules of the Superior Court. As a result, a Superior Court judge concluded that the plaintiff had waived her right to a medical malpractice tribunal and had failed to "present sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry." See Rule 73 of the Rules of the Superior Court (2020). The judge ordered the plaintiff to post a bond pursuant to G. L. c. 231, § 60B, to pursue her claim in court. On July 28, 2022, a different Superior Court judge dismissed the plaintiff's complaint for failure to post that bond and a judgment to that effect entered the following day.

On November 22, 2022, the plaintiff filed the present complaint against Tufts, Kaplan, and the other defendants, alleging claims of medical fraud, assault, false imprisonment, battery, negligence, and violation of civil rights. These claims, like the claims alleged in the previous complaint, derived from the treatment the plaintiff received at Tufts on November 24 and 25, 2019. A Superior Court judge allowed the defendants' motion to dismiss the present complaint, concluding that "the plaintiff's claims against Dr. Kaplan, [Tufts], and

2

the remaining defendants are barred by the doctrine of claim preclusion."

Discussion.  We review the allowance of a motion to dismiss de novo.  See Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 614 (2019).  The doctrine of claim preclusion "makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the [original] action" (citation omitted).  Kobrin v. Board of Registration in Medicine, 444 Mass. 837, 843 (2005).  The party invoking claim preclusion must establish three elements:  "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits" (citation omitted).  Laramie v. Philip Morris USA Inc., 488 Mass. 399, 405 (2021).  The defendants established all three elements in this case.

There was a prior final judgment on the merits entered on July 29, 2022, when a Superior Court judge dismissed the plaintiff's medical malpractice complaint for her failure to file a bond pursuant to G. L. c. 231, § 60B.  That dismissal was with prejudice.  See Farese v. Connolly, 422 Mass. 1010 (1996) (dismissal for failure to file bond pursuant to G. L. c. 231, § 60B, "must be with prejudice").  See also G. L. c. 231, § 60B ("If a finding is made for the defendant or defendants in the

3

case the plaintiff may pursue the claim through the usual judicial process <u>only</u> upon filing bond" [emphasis added]).

Causes of action are identical if they derive from a "common nucleus of operative facts."  <u>Laramie</u>, 488 Mass. at 411, quoting Restatement (Second) of Judgments § 24 comment b (1982). See <u>Mackintosh</u> v. <u>Chambers</u>, 285 Mass. 594, 596 (1934) ("The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong").  The plaintiff's claims in this case derive from and seek redress for the treatment she received at Tufts on November 24 and 25, 2019. Because the claims in the plaintiff's present complaint arise from the same treatment as the claims in her previous complaint, the causes of action are identical.

As for the first requirement, the parties in the present action are either identical to or in privity with the parties in the first complaint.  In both complaints, Liu is the plaintiff, and Tufts and Kaplan are named as defendants.  The remaining defendants were not named in the previous complaint, but all are in privity with Tufts.  Privity is "an elusive concept" which "represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion" (citations omitted).  <u>DeGiacomo</u> v. <u>Quincy</u>, 476 Mass.

4

38, 43 (2016).  Whether the remaining defendants are in privity with Tufts "turns on (i) the nature of the [defendants'] interest, (ii) whether that interest was adequately represented by [Tufts], and (iii) whether binding the [defendants] to the prior judgment is consistent with due process and common-law principles of fairness."  Laramie, 488 Mass. at 405-406.  Each of the defendants named in the present complaint was either named in the medical malpractice complaint, or, if not, is an employee or agent of Tufts, in which capacity the plaintiff sued them for actions committed while acting within the scope of their employment at Tufts.  Therefore, there is privity between each of the defendants in the present action and Tufts, a named party in the prior action.

We discern no error in the Superior Court judge's order dismissing the plaintiff's complaint on the grounds of claim preclusion.

Judgment entered July 14, 2023, affirmed.

By the Court (Massing, Singh & Grant, JJ.[2]),

Assistant Clerk

Entered:  June 6, 2024.

---

[2] The panelists are listed in order of seniority.

5